IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATERINA PLEW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LIMITED BRANDS, INC.,<br>INTIMATE BRANDS, INC.,<br>LIMITED BRANDS STORE<br>OPERATIONS, INC.,<br>VICTORIA'S SECRET STORES<br>BRAND MANAGEMENT, INC.,<br>VICTORIA'S SECRET DIRECT<br>BRAND MANAGEMENT, LLC AND<br>VICTORIA'S SECRET STORES, LLC.<br><br>　　　　　Defendants. | Case No. 08 Civ. 3741<br>　　　　(LTS)(MHD)<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO KATERINA PLEW'S COMPLAINT**

Defendants Limited Brands, Inc. Intimate Brands, Inc., Limited Brands Store Operations, Inc., Victoria's Secret Stores Brand Management, Inc., Victoria's Secret Direct Brand Management, LLC and Victoria's Secret Stores, LLC (hereinafter collectively "Defendants") by their undersigned counsel, hereby file their Answer, Affirmative Defenses and Counterclaims to the Complaint of Katarina Plew (hereinafter "Plaintiff"), denying all allegations of the Complaint, unless specifically admitted, and respectfully stating:

## ANSWER

1. In response to Paragraph 1 of the Complaint, Defendants admit that the Complaint purports to assert a claim of patent infringement under 35 U.S.C. § 271.

2. In response to Paragraph 2 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore deny same.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. Defendants admit the allegations of Paragraph 5 of the Complaint.

6. Defendants admit the allegations of Paragraph 6 of the Complaint.

7. Defendants deny the allegations of Paragraph 7 of the Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. Defendants deny the allegations of Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Defendants admit that the Complaint purports to assert a claim of patent infringement under 35 U.S.C. § 271.

11. Defendants admit the allegations of Paragraph 11 of the Complaint.

12. Defendants admit the allegations of Paragraph 12 of the Complaint.

13. Defendants admit the allegations of Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, Defendants admit that a copy of U.S. Patent No. 6,733,362 (hereinafter "the '362 patent") was attached as Exhibit A to the Complaint, and is titled "Brassiere." Defendants lack knowledge or information sufficient to form a belief as to whether Ms. Plew owns all right, title and interest in and

to the '362 patent, and therefore deny same. Defendants deny the remaining allegations of Paragraph 14.

15. In response to Paragraph 15 of the Complaint, Defendants admit that the 100-Way Strapless Convertible Bra (hereinafter the "VS Bra") has detachable straps with hooks, that the VS Bra has numerous eyelets, that marketing material describes the VS bra as allowing the user to hook straps into any eyelet for all 100 ways to wear it, and that copies of marketing material for the VS Bra were attached to the Complaint as Exhibit B. Defendants deny the remaining allegations of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1-16 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

Defendants deny that Plaintiff is entitled to any relief, including the relief requested in her prayer for relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses against Plaintiff's claims in the Complaint:

### *First Affirmative Defense (Non-Infringement)*

Defendants have not engaged in, and do not engage in, activities that constitute direct or indirect infringement of any valid and enforceable claim of the '362 patent.

### *Second Affirmative Defense (Invalidity)*

The '362 patent is invalid for failure to comply with one or more of the statutory requirements of patentability specified by 35 U.S.C. §§ 101 *et seq.*, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### *Third Affirmative Defense (Prosecution History Estoppel)*

Plaintiff is barred by the doctrine of prosecution history estoppel from claiming infringement by Defendants of any claim of the '362 patent.

### *Fourth Affirmative Defense (Unenforceability)*

The '362 patent is unenforceable due to inequitable conduct based upon breaches of the duty of candor and good faith owed to the United States Patent and Trademark Office by the inventor during the procurement of the '362 patent.

## COUNTERCLAIMS

Defendants, through their attorneys, issue the following counterclaims against Katerina Plew (hereinafter "Plaintiff") and allege upon information and belief as to acts of others as follows:

### *Parties*

1. Limited Brands, Inc. is a company incorporated under the laws of Delaware, with its principal place of business at Three Limited Parkway, Columbus, Ohio 43216.

2. Intimate Brands, Inc. is a company incorporated under the laws of Delaware, with its principal place of business at Three Limited Parkway, Columbus, OH 43216.

3. Limited Brands Store Operations, Inc. is a company incorporated under the laws of Delaware, with its principal place of business at Three Limited Parkway, Columbus, OH 43216.

4. Victoria's Secret Stores Brand Management, Inc. is a company incorporated under the laws of Delaware, with its principal place of business at Three Limited Parkway, Columbus, OH 43216.

5. Victoria's Secret Direct Brand Management, LLC is a company incorporated under the laws of Delaware, with its principal place of business at Three Limited Parkway, Columbus, OH 43216.

6. Victoria's Secret Stores, LLC is a company incorporated under the laws of Delaware, with its principal place of business at Three Limited Parkway, Columbus, OH 43216.

7. Upon information and belief, Katarina Plew is a natural person residing in New York at 220 Adirondack Drive, Selden, New York 11784.

### *Jurisdiction*

8. This is an action arising under the Patent Laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, Title 28 of the United States, for a Declaratory Judgment of non-infringement and invalidity of United States Patent No. 6,733,362 (hereinafter "the '362 patent").

9. Plaintiff alleges in her Complaint in this action that she is the owner of the '362 patent. She has charged Defendants with infringement of the '362 patent. Defendants have denied the charges of infringement and have alleged that, *inter alia*, the '362 patent is invalid and unenforceable.

10. As a consequence of the foregoing, there is an actual and justiciable controversy existing between Defendants and Plaintiff with respect to which Defendants require declaration by this Court.

11. This Court has subject matter jurisdiction over the action based on 28 U.S.C. §§ 1331, 1337, 1338 and 1367, and 28 U.S.C. §§ 2201 and 2202.

12. This Court has personal jurisdiction over Plaintiff in that, *inter alia*, Plaintiff voluntarily filed the Complaint to which this Counterclaim is directed in this Court.

*First Counterclaim (Declaratory Judgment of Patent Non-Infringement)*

13. Defendants incorporate the averments of paragraphs 1-12 of these counterclaims as though fully set forth herein.

14. Defendants do not infringe, and have not infringed, actively induced infringement of, nor contributed to the infringement of, any valid claim of United States Patent 6,733,362 either literally or by application of the doctrine of equivalents.

*Second Counterclaim (Declaratory Judgment of Patent Invalidity)*

15. Defendants incorporate the averments of paragraphs 1-12 of these counterclaims as though fully set forth herein.

16. The '362 patent is invalid for failure to comply with the conditions and requirements of the patent laws including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules and regulations and laws pertaining thereto.

*Jury Demand*

Defendants demand a trial by jury on all issues so triable.

**WHEREFORE,** Defendants pray for judgment against Plaintiff as follows:

1. Dismiss Plaintiff's Complaint in its entirety, with prejudice.

2. Declare that Defendants do not infringe any valid claim of the '362 patent.

3. Declare that the '362 patent is invalid and void.

4. Enjoin Plaintiff from threatening to enforce the '362 patent against Defendants.

DATED: May 20, 2008					Respectfully submitted,

						/s/ John F. Ward
						John F. Ward
						wardj@wardolivo.com
						David M. Hill
						hilld@wardolivo.com
						Michael J. Zinna
						zinnam@wardolivo.com
						Robert G. Graham
						grahamr@wardolivo.com
						**WARD & OLIVO**
						380 Madison Avenue
						New York, New York 10017
						Phone: (212) 697-6262
						Fax: (212) 972-5866

						*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that on May 20, 2008 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail address on file with Court:

      Charles von Simson
      Stephen M. Chin
      Von Simson & Chin L.L.P.
      62 William Street
      New York, NY 10005

      _____
      Attorney for Defendants