UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATERINA PLEW<br><br>        Plaintiff,<br><br>vs.<br><br>LIMITED BRANDS, INC., INTIMATE BRANDS, INC., LIMITED BRANDS STORE OPERATIONS, INC., VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC AND VICTORIA'S SECRET STORES, LLC.<br><br>        Defendants. | Case No. 08-CV-03741(LTS)<br><br>**JOINT PRELIMINARY PRE-TRIAL STATEMENT** |

Pursuant to the Court's April 30, 2008 Initial Conference Order, the parties jointly submit the following Preliminary Pre-Trial Statement:

### A.    STATEMENT OF THE NATURE OF THIS ACTION

Plaintiff alleges that one or more of the defendants market, promote and sell the Victoria's Secret "Very Sexy 100-Way Strapless Convertible Bra," and that the bra infringes the claims in plaintiff's United States Patent No. 6,733,362 ("the '362 patent"). Defendants deny that the product infringes the '362 patent and accordingly seek a declaration that they have not infringed, and are not infringing, directly, indirectly, contributorily or by inducement, the '362 patent. Defendants assert that each claim of the '362 patent is invalid for failure to meet the requirements of 35 U.S.C. § 101 *et seq.*, and accordingly seek a declaration that the '362 patent is invalid. Defendants further assert affirmative defenses of non-infringement, invalidity, prosecution history estoppel and unenforceability.

**B.   STATEMENT OF PARTIES' POSITION ON THE COURT'S JURISDICTION**

The parties do not dispute that jurisdiction within this judicial district is proper.

**C.   STATEMENT OF MATERIAL UNCONTESTED OR ADMITTED FACTS**

The parties are not presently able to identify any uncontested or admitted material facts.

**D.   UNCONTESTED LEGAL ISSUES**

The parties agree that the Court has jurisdiction over the parties and that venue is proper in this court.

**E.   LEGAL ISSUES TO BE DECIDED BY THE COURT**

The legal issues to be resolved by the Court include the scope of Plaintiff's patent claims, infringement of the '362 patent by Defendants, validity of the '362 patent claims and enforceability of the '362 patent.

Plaintiff seeks a judgment that Defendants infringe, contribute to the infringement of, and/or induce the infringement of the '362 patent and that Plaintiff is entitled to injunctive relief and damages as a result.  Plaintiff also seeks a ruling that the infringement was willful and that Plaintiff is entitled to enhanced damages and attorney's fees.  Defendants seek a judgment declaring that the '362 patent is invalid and/or not infringed and/or unenforceable.

In the event that the Defendants are found to infringe one or more claims of the '362 patent, such claims are not determined to be invalid and/or unenforceable, and none of defendants' other defenses are deemed to apply, damages for such infringement should be determined.  The Court may also need to determine if this is an exceptional case under 35 U.S.C. § 285.

    **F.    THE PARTIES' STATEMENTS OF MATERIAL DISPUTED FACTS**

Other than the facts listed in Paragraph C above, all of the allegations denied in the Defendants' *Amended Answer, Affirmative Defenses and Counterclaims*, and Plaintiff's *Answer to Counterclaims* are in dispute.

    **G.    THE PARTIES' STATEMENTS OF THE LEGAL BASES FOR THEIR CLAIMS AND COUNTERCLAIMS**

        **1.    Plaintiff's Statement of the Legal Basis for Its Claims**

Plaintiff has stated a claim for patent infringement pursuant to 35 U.S.C. § 271.

        **2.    Defendants' Statement of the Legal Bases for Their Claims and Counterclaims**

Defendants counterclaims for declaratory relief of patent invalidity, unenforceability and noninfringement arise under the Patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*

    **H.    THE PARTIES' STATEMENTS OF THE LEGAL BASES FOR THEIR DEFENSES**

        **1.    Defendants' Statement of the Legal Bases For Their Defenses**

Defendants raise the following defenses: (i) they have not directly infringed, indirectly infringed, contributorily infringed or induced infringement, either literally or under the doctrine of equivalents; (ii) the '362 patent is invalid for failure to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112; (iii) the doctrine of prosecution history estoppel would prevent plaintiff from arguing infringement under the doctrine of equivalents; and (iv) the '362 patent is unenforceable for failure to properly name all of the inventors.

    **2.    Plaintiff's Statement of the Legal Bases For Her Defenses to Counterclaims**

Plaintiff has asserted an affirmative defense to defendants' counterclaims based on defendants' failure to state a claim. The defense has been asserted in order to preserve it pending discovery. Plaintiff has also asserted an affirmative defense to Defendants' counterclaim for declaratory judgment based on plaintiff's infringement claims. That defense will be governed by the same law as plaintiff's infringement claim.

## I.    THE MEASURE AND BURDEN OF PROOF FOR EACH CAUSE OF ACTION

    **1.    Plaintiff's Measure and Burden of Proof**

Plaintiff is required to prove by a preponderance of the evidence that defendants' accused products infringe the claims of the '362 patent. Plaintiff will also have to prove its damages by a preponderance of the evidence. Plaintiff will also have to establish willfulness by clear and convincing evidence.

    **2.    Defendants' Measure and Burden of Proof.**

Defendants have the following burdens of proof:

- Defenses of non-infringement, prosecution history estoppel and unenforceability: depending on the factual nature of the proof, by clear and convincing evidence or a preponderance of the evidence.

- Defense and counterclaim of patent invalidity: by clear and convincing evidence.

- Counterclaim of patent non-infringement: depending on the factual nature of the proof, by clear and convincing evidence or a preponderance of the evidence.

    **J.    ANTICIPATED AMENDMENT OF PLEADINGS**

The parties propose that they be granted the right to file a motion to join additional parties and to amend the pleadings without leave of the Court up to and including September 25, 2008.

    **K.    A STATEMENT OF WHETHER THE PARTIES AGREE TO TRIAL BEFORE THE MAGISTRATE**

The parties do not consent to trial before the magistrate judge.

    **L.    CHANGES TO RULE 26(a) DISCLOSURE REQUIREMENTS AND TIMING OF INITIAL DISCLOSURE**

The parties do not see any need to amend the Rule 26(a) disclosure requirements and will exchange Rule 26(a) disclosures on July 25, 2008.

    **M.    SUBJECTS OF DISCLOSURE AND DISCOVERY CUT-OFF**

    **1.    For Plaintiff:**

Ms. Plew seeks discovery concerning all of the parties' claims, defenses and counterclaims, including defendants' infringement of the '362 patent.

    **2.    For Defendants:**

Defendants seek discovery concerning: all of the parties' claims, defenses and counterclaims, including the basis for Plaintiff's claim of patent infringement, the alleged conception, reduction to practice and ownership of the '362 patent, the prosecution of the '362 patent, prior art to the '362 patent, licensing or offers to license the '362 patent, use, sale, offers to sell, validity, enforceability, inventorship and past litigation concerning the '362 patent and/or Plaintiff's patented invention, all without prejudice to further subjects that may become apparent as discovery proceeds.

      **3.     Discovery Cut-Off:**

Fact discovery will commence immediately and be completed by April 25, 2009.

**N.     EXPERT EVIDENCE**

The parties anticipate the need for expert testimony on issues of patent claim construction, infringement, patent validity, enforceability and, potentially, damages. The parties will designate experts required to be disclosed by Fed. R. Civ. P. 26(a)(2)(A) and produce expert reports for those matters on which they bear the burden of proof thirty (30) days after the Court's claim construction decision. Parties not bearing the burden of proof on a claim or defense will designate experts required to be disclosed by Fed. R. Civ. P. 26(a)(2)(A) and produce expert reports sixty (60) days from the Court's claim construction decision. Expert discovery will be completed ninety (90) days following the Court's claim construction ruling.

**O.     LIMITATIONS ON DISCOVERY**

The parties do not believe that any limitations are required other than those set forth in the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, and the Individual Practices of this Court.

**P.     SETTLEMENT DISCUSSIONS**

The parties have discussed settlement, but do not presently anticipate any immediate resolution of this action.

**Q.     JURY TRIAL**

The parties have demanded a jury trial on all issues so triable. The Plaintiff estimates that presentation of her case will require two (2) trial days. The Defendants estimate that presentation of their case will require five (5) trial days.

R.   **OTHER MATTERS AND ORDERS**

    1.   **Protective Order:** The parties agree that a protective order is necessary due to the confidential technical and business information to be exchanged in discovery. The parties are currently negotiating terms of a proposed order to be presented to the Court.

    2.   **Claim Construction:** The parties shall identify and exchange a list setting forth the terms in the '362 patent they contend require interpretation, and the proposed meaning of the terms on November 21, 2008. The parties shall meet and confer from November 22 to December 22, 2008. The parties shall file and serve simultaneous briefs in support of their position concerning the interpretation of the claims at issue in this case on January 30, 2009. Rebuttal briefs, if any, are to be filed and served on February 28, 2009. A claim construction hearing shall thereafter be held on the schedule set by the Court.

**3.** **Summary Judgment Motion:** Summary judgment motions will be filed no later than July 15, 2009 or sixty (60) days from the Court's claim construction decision, whichever is longer. Opposition briefs will be filed no later than fifteen (15) business days thereafter. Reply briefs will be filed ten (10) business days after filing of opposition briefs.

Dated:   New York, New York
         July 7, 2008

|  |  |
|---|---|
| *[signature]* | **M. ZINNA by CvS** |
| Stephen M. Chin, Esq. (SC 8094) | John F. Ward, Esq. (JW 8012) |
| Charles von Simson, Esq. (CV 1038) | David M. Hill, Esq. (DH 3287) |
| von Simson & Chin LLP | Michael J. Zinna, Esq. (MZ 3009) |
| 62 William Street | Robert G. Graham, Esq. (RG 0912) |
| Sixth Floor | Ward & Olivo |
| New York, New York 10005 | 380 Madison Avenue |
| Telephone: (212) 514.8645 | New York, New York 10017 |
| Facsimile: (212) 514-8648 | Telephone: (212) 697-6262 |
|  | Facsimile: (212) 972-5866 |
| Attorneys for Plaintiff | Attorneys for Defendants |