## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATERINA PLEW, | Case No. 08-CV-3741(LTS)(MHD) |
| Plaintiff, | |
| vs. | |
| LIMITED BRANDS, INC., INTIMATE BRANDS, INC., LIMITED BRANDS STORE OPERATIONS, INC., VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC AND VICTORIA'S SECRET STORES, LLC, | |
| Defendants. | |

## *STIPULATED PROTECTIVE ORDER*

## 1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential

1

information under seal; the Local Rules of this Court set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. **DEFINITIONS**

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: all information that the Designating Party believes constitutes, discloses or relates to processes, operations, research, technical or developmental information, production, marketing, sales, costing, pricing, sourcing, testing, any other proprietary data, or information of commercial value, including but not limited to trade secrets (regardless of how generated, stored or maintained) and any other documents or tangible things that qualify for protection under the standards developed under F.R.Civ.P. 26(c).

2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: material of such a highly sensitive nature that the Producing Party believes its disclosure could cause commercial or competitive disadvantage or would otherwise cause irreparable harm.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; scanning; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies,

3

excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in Court or in other settings that might reveal Protected Material.

## 4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

## 5. **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications or other Discovery or Discovery Material that qualify for protection under this Order.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

4

Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of

5

protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY").

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u> will
automatically be treated as "HIGHLY CONFIDENTAL – ATTORNEYS' EYES ONLY" for
twenty (20) business days after the deposition or other pretrial or trial proceeding is concluded
(the "Designation Period"). Alternatively, the Party or non-party offering or sponsoring the
testimony may identify on the record, before the close of the deposition, hearing, or other
proceeding, all protected testimony, and further specify any portions of the testimony that qualify
as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   In the event that the Party or
non-party offering or sponsoring the testimony wishes the "HIGHLY CONFIDENTIAL-
ATTORNEYS' EYES ONLY" designation to attach to specific testimony beyond the
Designation Period, or to assign a different confidentiality designation to such testimony, the
offering or sponsoring Party or non-party may designate the testimony with the appropriate
designation, in writing to all parties within the Designation Period. Specific pages and lines of
the transcript to which the designation will apply should be indicated. Each party shall attach a
copy of such written statement to the face of the transcript and each copy thereof in its
possession, custody or control. Whether or not designation is made at the time of the deposition
or in writing during the Designation Period, all depositions shall be treated as having been
designated as "CONFIDENTIAL" at the conclusion of the Designation Period.

Transcript pages containing Protected Material must be separately bound by the court
reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

6

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3    Inadvertent Failures to Designate. In the event any designating party produces Confidential Information that has not been designated confidential or not correctly designated, the Designating Party may designate or redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with this Protective Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation. No demonstration or proof of error, inadvertence, or excusable neglect by the designating party shall be required for such redesignation. If, prior to receiving such notice, the Receiving Party has disseminated the Confidential Information to individuals not authorized to receive the Confidential Information hereunder, the Receiving Party shall make a reasonable effort to retrieve the Confidential Information and to otherwise assure that the unauthorized recipient(s) maintain the

confidentiality of the Confidential Information, but shall have no other responsibility or

obligation with respect to the information disseminated.

## 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the litigation, a Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge

promptly after the original designation is disclosed.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating

Party's confidentiality designation must do so in good faith and must begin the process by

conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

with counsel for the Designating Party.  In conferring, the challenging Party must explain the

basis for its belief that the confidentiality designation was not proper and must give the

Designating Party an opportunity to review the designated material, to reconsider the

circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation.  A challenging Party may proceed to the next stage of the challenge process only if

it has engaged in this meet and confer process first.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

designation after considering the justification offered by the Designating Party may file and

serve a motion that identifies the challenged material and sets forth in detail the basis for the

challenge.  Each such motion must be accompanied by a competent declaration that affirms that

the movant has complied with the meet and confer requirements imposed in the preceding

8

paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. A Receiving Party shall not under any circumstances sell, offer for sale, advertise or publicize Protected Material or any information contained therein.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

9

(a) the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information;

(b) experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

7.4    <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

(a) unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, and (4) identifies the Expert's current employer(s).

(b) a Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten (10) Court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. The Protected Material shall not be disclosed to the Expert prior to the expiration of this ten (10) Court day period.

(c) a Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceedings the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.  PROTECTED MATERIAL SUBPOENAED
## OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that

would compel disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

immediately and in no event more than three Court days after receiving the subpoena or order.

Such notification must include a copy of the subpoena or Court order.

The Receiving Party also must immediately inform in writing the Party who caused the

subpoena or order to issue in the other litigation that some or all the material covered by the

subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of

this Protective Order and to afford the Designating Party in this case an opportunity to try to

protect its confidentiality interests in the Court from which the subpoena or order issued.  The

Designating Party shall bear the burdens and the expenses of seeking protection in that Court of

its confidential material – and nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

## 9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a Court Order secured after

appropriate notice to all interested persons, a Party may not file in the public record in this action

any Protected Material. A Party that seeks to file under seal any Protected Material must comply

with all applicable Local Rules.

## 11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

after the final termination of this action, each Receiving Party must return all Protected Material

to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

abstracts, compilations, summaries or any other form of reproducing or capturing any of the

Protected Material. With permission in writing from the Designating Party, the Receiving Party

may destroy some or all of the Protected Material instead of returning it. Whether the Protected

Material is returned or destroyed, the Receiving Party must submit a written certification to the

Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

deadline that identifies (by category, where appropriate) all the Protected Material that was

returned or destroyed and that affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or other forms of reproducing or capturing any of the

Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Counsel receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. **MISCELLANEOUS**

12.1    <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15

September 3, 2008

Respectfully submitted,

Charles von Simson, Esq. (CV 1038)
von Simson & Chin LLP
62 William Street – Sixth Floor
New York, New York 10005
Telephone: (212) 514-8645
Facsimile : (212) 514-8648

Michael Zinna, Esq. (MZ 3009)
Ward & Olivo
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866

Attorneys for Plaintiff

Attorneys for Defendants

SO ORDERED:

_____
U.S.D.J.

16

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KATERINA PLEW,

                    Plaintiff,

        vs.

LIMITED BRANDS, INC., INTIMATE
BRANDS, INC., LIMITED BRANDS STORE
OPERATIONS, INC., VICTORIA'S SECRET
STORES BRAND MANAGEMENT, INC.,
VICTORIA'S SECRET DIRECT BRAND
MANAGEMENT, LLC AND VICTORIA'S
SECRET STORES, LLC,

                    Defendants.

Case No. 08-CV-3741(LTS)(MHD)

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ do declare and state as follows

    1.    I live at _____. I am employed as

(state position) _____ by (state name and address of

employer) _____.

    2.    I have read the Protective Order entered in this case, a copy of which has

been given to me.

    3.    I understand and agree to comply with and be bound by the provisions of

the Order, including that upon receipt of any Confidential Information, I will be personally

subject to it, and to all of its requirements and procedures.

4.      Further, I declare, as provided by 28 U.S.C. Section 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, 2008, at _____.


_____
Signature

18