UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATERINA PLEW,

                  Plaintiff,

   vs.

LIMITED BRANDS, INC., INTIMATE
BRANDS, INC., LIMITED BRANDS STORE
OPERATIONS, INC., VICTORIA'S SECRET
STORES BRAND MANAGEMENT, INC.,
VICTORIA'S SECRET DIRECT BRAND
MANAGEMENT, LLC AND VICTORIA'S
SECRET STORES, LLC.

                  Defendants.

Case No. 08-CV-3741(LTS)(MHD)

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN**
**<u>SUPPORT OF HER MOTION *IN LIMINE*</u>**

Plaintiff Katerina Plew, by her undersigned counsel, respectfully submits this Reply Memorandum of Law in Support of Her Motion *In Limine*.

## ARGUMENT

**I.   DEFENDANTS CANNOT OFFER TESTIMONY AT TRIAL THAT CONTRADICTS THEIR AGREEMENT THAT THE PLEASURE STATE LICENSE "WOULD APPROPRIATELY GUIDE" THE DETERMINATION OF A REASONABLE ROYALTY IN THIS CASE**

Defendants made a tactical decision to block plaintiff from obtaining damages discovery by agreeing that the Pleasure State License "can guide" and "would appropriately guide" the determination of a reasonable royalty in this case. Defendants' gambit worked: they never produced correspondence related to the negotiation of the Pleasure State License royalty formula or documents showing how the royalty was calculated when the formula was applied to specific products. Consequently, plaintiff did not obtain the evidence she would need to prove, independently of defendants' agreement, that the Pleasure State License royalty formula is relevant to the damages calculation in this case and does not involve a "guppy to whale" comparison to the 100 Way bra.

However, defendants are now attempting to avoid the consequences of their tactical decision by qualifying their simple agreement and equivocating regarding its plain language. Defendants now say that although they agreed that the Pleasure State License "would appropriately guide" the calculation of a reasonable royalty in this case, their expert was free to testify that the license is irrelevant to his damages calculation. They now also argue that despite their agreement that the Pleasure State License "would appropriately guide" the determination of a reasonably royalty, the comparison of the license to the royalty in this case is like comparing "apples to oranges" or a "whale to a guppy."

1

Defendants' arguments ignore the plain language of the agreement they made. They agreed not to dispute that the Pleasure State License "would appropriately guide" the determination of a reasonably royalty in this case. Having agreed that the Pleasure State License "would appropriately guide" a royalty calculation, their expert cannot testify that the license is irrelevant. If the license were irrelevant, it would not appropriately guide the determination of a reasonable royalty. Similarly, if the Pleasure State License would appropriately guide the determination of a reasonable royalty, then the application of the 100 Way bra cannot be an "apples to oranges" or "whale to guppy" comparison.

Defendants' arguments also ignore the context of the agreement they made. They were not "merely indicating" that the Pleasure State License could theoretically be applied to the reasonable royalty calculation. Rather, they made an important tactical decision that had a profound impact on the course of damages discovery. Based on defendants' agreement not to dispute that the Pleasure State License "would appropriately guide" the calculation of a reasonable royalty, Magistrate Judge Dolinger found that additional discovery on that point was irrelevant and did not require defendants to produce the documents demanded by plaintiff. Had defendants offered then the equivocations and qualifications that they present today, it is difficult to believe that the Court would have foreclosed a highly relevant category of damages discovery that, without defendants' agreement, is crucial to plaintiff's case at trial.

Defendants do not want to face the consequences of the bargain they made. But the bargain had a fundamental effect on the scope of damages discovery. If defendants are allowed to back out of the bargain now, plaintiff will be severely prejudiced because

2

she was not allowed to obtain the discovery she would need to challenge the testimony of defendants' expert witnesses and employees that the Pleasure State License would not appropriately guide the calculation of a reasonable royalty in this case. Defendants should be required to stick to their bargain and should be prevented from offering any testimony that contradicts the proposition that the Pleasure State License royalty formula is an appropriate guide to the damages calculation in this case.

## II. JOYCE BARAN DID NOT APPLY THE FUNCTION/WAY/RESULT TEST IN HER EXPERT REPORT AND TESTIMONY, SO SHE SHOULD BE PRECLUDED FROM DOING SO AT TRIAL

Defendants utterly fail to conjure a statutory equivalence analysis from the report and testimony of their infringement expert, Ms. Joyce Baran. Their sometimes bizarre efforts to twist the record and the governing law fail because Ms. Baran simply did not apply the function/way/ result test to a comparison of the relevant structures of the '362 Patent and the 100 Way bra. As this Court found "[d]efendants do not address structural equivalence and the Court finds that there are material factual disputes as to that issue as well." August 4, 2010 Memorandum Opinion and Order, p. 7. Ms. Baran did not address structural equivalence in her expert report and testimony. Therefore, she should be precluded from doing so at trial.

Ms. Baran did not address the function/way/result test despite the fact that all parties and this Court agree that it is the proper way to determine whether or not a patent is infringed by statutory equivalents. The proper test is whether or not the relevant structures of the patent, as defined in the claim construction order, perform the identical function defined in the claim construction order, in substantially the same way, with substantially the same result. In this case, the Court defined the function as "separably and adjustably connecting the pair of shoulder straps to the garment body and preventing

3

discomfort to the wearer," and identified the relevant structures as "the strip of fabric loops 42, pair of fabric loops 44, and upper strip of material 46."

The correct function/way/result analysis, presented in detail in Ms. Johnson's expert report, is whether the 100 Way bra has a "strip of fabric loops," "a pair of fabric loops," and "an upper strip of material" that function to "separably and adjustably connect[] the pair of shoulder straps to the garment body" and "prevent[] discomfort to the wearer" in substantially the same way as that specified in the '362 Patent, with substantially the same result.  Ms. Baran never answered that question for elements (a), (c) and (d) of claim 1.  Therefore, she should be precluded from doing so at trial.

### A. MS. BARAN DID NOT APPLY THE FUNCTION/WAY/RESULT TEST TO ELEMENT (a).

Defendants argue incorrectly that Ms. Baran addressed element (a) when she stated that "the claim expressly requires the strip of fabric loops to be hidden by and below the pair of cups and torso band."  According to defendants' bizarre argument, the proper inquiry for statutory equivalence is to compare the "hidden" requirement in element (a) to the function identified by the Court of "separably and adjustably connecting the pair of shoulder straps to the garment body and preventing discomfort to the wearer."  Since, according to defendants, the "hidden" function identified in element (a) is not present in the Court's claim construction order, the '362 Patent is not infringed by statutory equivalents.

Defendants' argument on this point is almost incoherently off the mark.  For one thing, the "hidden" requirement is not part of the function defined by the Court, so defendants' argument is based on their own impermissible amendment to the claim construction order.  More fundamentally, defendants are claiming that the proper test is

4

whether the function identified by the Court is identical to the function purportedly identified in an element of the patent, not the function performed by the accused product. Under defendants' analysis, the accused product is irrelevant to the statutory equivalence analysis.

Contrary to defendants' strange argument, Ms. Baran should have compared the function of the "strip of fabric loops" identified in element (a) to a corresponding strip of fabric loops on the 100 way bra to determine if both strips of fabric loops functioned to "separably and adjustably connecting the pair of shoulder straps to the garment body" in substantially the same way, with substantially the same result. Instead, defendants claim that Ms. Baran opined on structural equivalence by comparing the function in the '362 Patent defined by the Court to a different "function" in the '362 Patent identified by the defendants themselves. Even if that comparison had some arguable relevance to a different infringement analysis (which it obviously does not), Ms. Baran's statement does not address the function/way/result test because it does not compare the function identified by the Court to the function performed by a strip of fabric loops on the 100 Way bra.

### B. MS. BARAN DID NOT APPLY THE FUNCTION/WAY/RESULT TEST TO ELEMENT (c).

Ms. Baran expressly disclaimed any opinion regarding equivalence with regard to element (c) because she did not correctly understand the governing law. According to Ms. Baran:

> "Ms. Johnson also fails to provide evidence that the 100-Way Bra has any structural equivalent to element (c). She ignores that limitation (c) was added to claim 1 during the prosecution of the application that lead to the '362 patent in order to make claim 1 patentable in light of the prior art cited by the Examiner. As such, I

5

> understand that Plew cannot claim equivalents with respect to element (c).
>
> Expert Report of Joyce Baran, p. 21 (copy submitted as Exhibit K to the Declaration of Charles von Simson in Support of Plaintiff's Motion *In Limine* ("von Simson *In Limine* Decl.").

Contrary to Ms. Baran's erroneous legal opinion, this Court has already correctly determined that plaintiff can show infringement of the '362 Patent by structural equivalents on the 100 Way bra. While adding a limitation during prosecution can have a preclusive effect on the range of equivalents, that preclusive effect only applies to equivalents under the doctrine of equivalents and not under statutory equivalents. TM Patents, LLP v. Int'l Business Machines Corp., 136 F. Supp.2d 209, 213 (S.D.N.Y. 2001) ("structural equivalence under § 112(6) is NOT part of the 'doctrine of equivalents' implicated in Festo,"). Therefore, the basis for Ms. Baran's opinion is legally invalid. Furthermore, her incorrect legal opinion prevented her from undertaking any arguable equivalence analysis with respect to element (c).

Defendants attempt to salvage an equivalence opinion regarding claim (c) without even arguing that Ms. Baran engaged in the function/way/ result test. They point out Ms. Baran's incorrect assertion that Ms. Johnson did not present evidence that the 100 Way bra has a structural equivalent to claim (c). But that conclusory statement, grounded in an incorrect interpretation of the law, cannot substitute for a meaningful infringement analysis. Ms. Baran never discussed whether or not the 100-way bra includes a pair of fabric loops that function to separably and adjustably connect the pair of shoulder straps to the garment body in substantially the same way with substantially the same result as element (c).

Nor can defendants claim that Ms. Johnson did not discuss the function defined by the Court in its claim construction order. Ms. Johnson specifically stated:

> I understand that this claim element is part of the "means plus function" language that is identified in the Court's Order. The function of this claim element is "separably and adjustably connecting the pair of shoulder straps to the garment body" and the structure identified in the specification is the "pair of fabric loops 44." . . . I believe that the center front pair [of loops on the 100 Way bra] would be equivalent to the pair of fabric loops 44. I believe this to be the case because it passes the function/way/result test. The recited function is "separably and adjustably connecting the pair of shoulder straps to the garment body." Similar to the strip of fabric loops, the pair of fabric loops can engage the hook of the straps.
>
> Expert Report of Beverly Johnson, pp. 6-8 (copy submitted as von Simson *In Limine* Decl. Ex. J).

Ms. Johnson offered a detailed function/way/result analysis of claim element (c). Yet Ms. Baran did not offer any substantive statutory equivalence analysis at all. Ms. Baran should therefore be precluded from offering such an analysis for the first time at trial.

### C. MS. BARAN DID NOT APPLY THE FUNCTION/WAY/RESULT TEST TO ELEMENT (d).

Ms. Baran's opinion regarding element (d) was also fatally compromised by her incorrect understanding of the governing law. Regarding element (d ), Ms. Baran incorrectly stated:

> In addition, I understand that because Plew amended claim 1 to include element (d) in order to get over the Examiner's rejections in view of the prior art, Plew is estopped from claiming any equivalents with respect to this limitation.
>
> Expert Report of Joyce Baran, p. 23 (von Simson *In Limine* Decl. Ex. K).

7

Based on her incorrect legal analysis, Ms. Baran did not testify regarding statutory equivalence. Ms. Baran's reasoning for element (d) fails for the same reasoning that it does for element (c).

### D. MS. JOHNSON ADDRESSED INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS IN HER EXPERT REPORT AND WILL ALSO DO SO AT TRIAL

Defendants did not make a motion to preclude Ms. Johnson's testimony regarding the doctrine of equivalence. However, they argue in a footnote that Ms. Johnson's expert report did not include a doctrine of equivalence analysis. That argument completely ignores the substance of Ms. Johnson's report. Contrary to defendants' position, Ms. Johnson stated:

> I also believe that if the fabric loops of the 100 way bra does not literally meet the claim description, it should be met under the doctrine of equivalents. Similar to the analysis above, the function/way/result test as applied to the strip of fabric loops 42 is satisfied by the 100 way bra.
>
> Expert report of Beverly Johnson, p. 7 (von Simson *In Limine* Decl. Ex. J)

Ms. Johnson rendered her opinion that the 100 Way bra infringes claim 1 under the doctrine of equivalents and she will so testify at trial.

8

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in plaintiff's Memorandum of Law in Support of Her Motion *In Limine*, plaintiff's *motion in limine* should be granted.

Dated: September 6, 2011

_____
Charles von Simson (CV 1038)
Damon Morey LLP
200 Delaware Avenue, Suite 1200
Buffalo, NY 14202
Telephone: 716.858.3865

Stephen M. Chin (SC 8094)
von Simson & Chin LLP
62 William Street – Sixth Floor
New York, NY 10005
Telephone: 212.514.8653

Attorneys for Plaintiff