UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATERINA PLEW<br><br>          Plaintiff,<br><br>vs.<br><br>LIMITED BRANDS, INC., INTIMATE BRANDS, INC., LIMITED BRANDS STORE OPERATIONS, INC., VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC, and VICTORIA'S SECRET STORES, LLC.<br><br>          Defendants. | Case No. 08-CV-3741(LTS)(MHD) |

## JOINT PRE-TRIAL STATEMENT

Pursuant to the Court's July 14, 2008 Pre-Trial Scheduling Order in this case, the parties, by their undersigned counsel, respectfully submit the following Joint Pre-Trial Statement:

**a.     Statement of Legal Issues to be Decided**

**Plaintiff's Statement:**

1.     Whether the Court should enhance the damages awarded to plaintiff upon the jury's finding of willful infringement.

1

**Defendants' Statement:**

1. Whether claims 1–9 of the '362 patent are invalid under 35 U.S.C. § 102 for being anticipated by the prior art.

2. Whether claims 1–9 of the '362 patent are invalid under 35 U.S.C. § 103 for being obvious to one of ordinary skill in the art as of the priority date of the '362 patent.

3. Whether claims 1–9 of the '362 patent are invalid under 35 U.S.C. § 112 for lack of enablement.

4. Whether evidence excluded by the Court pursuant to the Court's Order regarding Defendants' motions in limine (D.I. 185) should be excluded from Plaintiff's exhibit list and deposition designations.

5. Whether Lori Greeley should be removed from Plaintiff's witness list (*see* section (c)(A)(6) infra) in light of this Court's Order regarding Defendants' Motion in Limine to Prevent Plaintiff from Calling Ms. Lori Greeley to Testify at Trial. (D.I. 185, p. 5).

**b.    Statement of Material Facts Not in Dispute**

1. Plaintiff Katerina Plew is the named inventor of, and owns all rights to, United States Patent No. 6,733,362 (the '362 patent).

2. In April 2002 a patentability search was conducted for Plew that included Puliafico, U.S. Patent No. 2,882,907, which issued in April 21, 1959 ("Puliafico").

3. Puliafico states that "[o]ne important feature of the invention resides in the provision of a row of loop-like fastener elements extending in a substantially peripheral direction on the garment, together with hook-like fastener members provided on the

shoulder straps for separable, selective engagement with the loop-like elements, so that the transverse distance between the shoulder straps and the position thereof relative to the garment may be varied as desired."

4. On June 18, 2002, Ms. Plew filed an application with the United States Patent and Trademark Office ("USPTO") for the '362 patent that contained 12 claims.

5. The USPTO rejected claims numbered 1 through 6 and 10 on the grounds that they were anticipated by Fernandes, United States Patent No. 6,086,451.

6. The USPTO objected to claim 7-9, but indicated that they would be allowable if re-written as independent claims because those claims were not found in the cited references.

7. In response to the USPTO's rejections, Plew complied with the USPTO's request and amended claim 1 to include the limitations of claim 7 and the limitations of intervening claims 3 and 4, which became elements (d), (b), and (c), respectively, of claim 1.

8. Plew also amended Fig. 2 to correct some of the labeled references, including changing "10" to --40--, changing "49" to --44--, and moving --34--. However, reference 44 was erroneously omitted from Fig. 2 in the issued '362 patent.

9. In the Notice of Allowability, the USPTO allowed Plaintiff's amended patent, stating that "[n]one of the cited references, alone or in combination, disclose a brassiere with a strip of fabric loops placed across and hidden by an upper edge of the brassiere including in between the cups and the further improvement of a means of an upper strip of material overlying the strip of fabric loops for preventing discomfort to the wearer as claimed in claim 1."

10. Claim 1 is the only independent claim of the '362 patent.

11. Victoria's Secret Stores, LLC and Victoria's Secret Direct Brand Management, LLC (collectively "VS") sold the 100-Way Bra, which has straps that can be configured 100 ways.

12. The 100-Way bra was designed by DB Apparel UK, Ltd. ("DBA"), a company with a commercialization relationship with VS.

13. The 100-Way bra has a clear center bridge between the cups, which creates a space between them.

14. VS, including its Victoria's Secret Stores and Victoria's Secret Direct divisions, sold 1,359,596 gross units and 1,121,756 net units, which are sales after returns, of the 100-Way Bra. VS earned total gross sales of $55,537,999 from sales of the 100 Way Bra and a total of $27,001,263 maintained margin unit ("MMU") dollars from sales of the product. MMU dollars are one measure used by VS to measure the profitability of a product. The per-unit net cost of the 100-Way Bra is between $14 and $19 per unit.

15. Plaintiff is party to a patent license agreement with Ce Soir Lingerie for the sale of bras.

16. VS is a party to a 2009 license agreement with Pleasure State Pty Ltd. for the sale of bras.

17. Davis, U.S. Patent No. 2,714,211 ("Davis"), entitled "Brassiere," was issued on August 2, 1955, more than 45 years before the filing of the '362 patent.

18. Davis was not reviewed by the USPTO while it was considering whether to grant the '362 patent.

19.     Davis discloses "a brassiere having means whereby each shoulder strap may be detachably secured at any of a number of positions along the upper part of the respective cup member."

20.     Davis states that two cup members (identified in the figures as part "1") each merge into a half belt (identified in the figures as part "2"), one of which has an elastic extension (identified in the figures as part "3") terminating in a buckle member (identified in the figures as part "4").

21.     Davis states that loop edging (identified in the figures as part "5") is attached along the upper and inner edge of each cup member (identified in the figures as part "1") and the upper edge of each half belt (identified in the figures as part "2"), the edging being formed along one edge of tape (identified in the figures as part "6") secured to the inner surface of the brassiere by stitches (identified in the figures as part "7").

22.     Davis states that the edging comprises interwoven loops (identified in the figures as part "8") of threads interwoven with an outer cord (identified in the figures as part "9").

23.     Davis states that two shoulder straps (identified in the figures as part "10") are attached at each end to what is known in the art as a detachable link (identified in the figures as part "11").

24.     Puliafico, U.S. Patent No. 2,882,907 ("Puliafico"), titled "Shoulder Strap-Type Garments," was issued on April 21, 1959, more than 40 years before the filing of Plew's '362 patent.

25.     Puliafico states that it is an object of the invention "to facilitate a wide range of adjustment of the shoulder straps relative to each other and in relation to the body of such garments, so as to suit the comfort and appearance of the wearer."

26.     Puliafico describes a row of loop-like fastener elements 13 "extending in a substantially peripheral direction along the upper edge of the body portion 11, both at the front and the back of the garment".

27.     Faron, U.S. Patent No. 2,940,454 ("Faron"), entitled "Brassiere," was issued on June 14, 1960, more than 40 years before the filing of the '362 patent.

28.     Faron was not reviewed by the USPTO while it was considering whether to grant the '362 patent.

29.     Faron discloses that the elastic bands 61 and 63 and the elastic tab extension 55 "cooperate to contractively hold the brassiere in proper position on the body of the wearer."

30.     Deborah Tucker and James Pappas were identified by VS as the employees who are most knowledgeable concerning suppliers of the 100 Way Bra.

31.     Kristen Kramer was identified by VS as the employee who is most knowledgeable concerning the conception and design of the 100 Way Bra.

32.     Craig Kulik was identified by VS as the employee who is most knowledgeable concerning the financial performance of the 100 Way Bra.

33.     Victoria's Secret Stores, LLC and Victoria's Secret Direct Brand Management, LLC are wholly-owned subsidiaries of Limited Brands, Inc.

**c.     Witness List**

**A.**     Plaintiff intends to call the following witnesses to testify in support of their case-in-chief regarding the matters summarized:

> 1.     Nancy Binger: Marketing and sales of the 100 Way bra; development, design and infringing features of the 100 Way bra.

2. Steve Conkel: Marketing and sales of the 100 Way bra.

3. Anne Deal: Negotiation and commercial exploitation of Ce Soir Lingerie license; features of the 100 Way bra.

4. Tomima Edmark: Damages expert.

5. Sara Fisher: Design, development and testing of the 100 Way bra; relationship between defendants and DB Apparel; defendants' IP due diligence.

6. Lori Greeley: Selection of 100 Way bra for commercialization and marketing by Victoria's Secret; defendants' IP due diligence. Ms. Greeley was identified by Kristen Kramer as a key merchant responsible for the commercialization decision for the product.

7. Sarah Henry: Design, development and testing of the 100 Way bra; relationship between defendants and DB Apparel.

8. Cathy Hill: Design, development and testing of the 100 Way bra; relationship between defendants and DB Apparel.

9. Beverly Johnson: Infringement expert testimony.

10. Edward Kistner: Defendants' sales, marketing and profitability data.

11. Kristin Kramer: Initial development of the 100 Way bra by defendants and DB Apparel; design, development and testing of the 100 Way bra; relationship between defendants and DB Apparel; infringement of plaintiff's patent by the 100 Way bra; plaintiff's damages, including application of Pleasure State license; topics identified during Ms. Kramer's testimony as a Rule 30(b)(6) designee of defendants.

12. Craig Kullik: Defendants' sales, marketing and profitability figures.

13.     Carol Matorin: Defendants' policy on handling of unsolicited ideas; defendants' handling of plaintiff's design and submissions; infringing features of the 100 Way bra.

14.     Edward Murray: Corporate governance of DB Apparel.

15.     Katerina Plew: Invention and Creation of adjustable bra design; invention and prosecution of patent in suit; meeting with defendants; infringement analysis; damages calculation and analysis.

16.     James Pappas: Initial development of the 100 Way bra by defendants and DB Apparel; design, development and testing of the 100 Way bra; relationship between defendants and DB Apparel; infringement of plaintiff's patent by the 100 Way bra; handling of plaintiff's patent and submissions to defendants; scheduled meeting of defendants and plaintiff; cancellation of scheduled meeting between plaintiff and defendants.

17.     Deborah McDonald Tucker: Initial development of the 100 Way bra by defendants and DB Apparel; design, development and testing of the 100 Way bra; relationship between defendants and DB Apparel; plaintiff's damages, including application of Pleasure State license.

**B.**     Defendants intend to call the following witnesses to testify in support of their case-in-chief regarding the matters summarized:

1.     Kirk Adkins.  Kirk Adkins is expected to testify regarding the development of the Wonderbra Multi Plunge and the 100-Way Bra, and communication between the Defendants and DB Apparel.

2.     Joyce Baran, Joyce Baran Design LLC, 3466 Main Street, Stratford, Connecticut 06614.  Joyce Baran is expected to give expert testimony regarding non-infringement and invalidity of the patent-in-suit.

3.     Herve Bailly (formally at DB Apparel), MORGAN, 124 rue Réaumur 75002 Paris.  Herve Bailly is expected to testify regarding

the development of the Wonderbra Multi Plunge and the 100-Way Bra, and communication between the Defendants and DB Apparel.

4.      Nancy Binger, Victoria's Secret Stores, LLC, Three Limited Parkway, Columbus, Ohio 43216.  Nancy Binger is expected to testify regarding marketing of the 100 Way Bra.

5.      Steve Conkel, Victoria's Secret Direct Brand Management, 8655 East Broad Street, Reynoldsburg, Ohio 43068.  Steve Conkel is expected to testify regarding sales and pricing of the 100 Way Bra.

6.      Ann Deal, Ce Soir Lingerie Co., Inc. DBA Fashion Forms, 2907 Palma Drive, Ventura, California 93003.  Anne Deal is expected to testify regarding Fashion Forms' relationship and agreement with Plew and the development of the Infinite Options Bra.

7.      Sara Fisher, Victoria's Secret Stores, LLC, Three Limited Parkway, Columbus, Ohio 43216.  Sara Fisher is expected to testify regarding design, development and testing of the 100 Way Bra.

8.      Sarah Henry, Victoria's Secret Production, LLC, Three Limited Parkway, Columbus, Ohio 43216.  Sarah Henry is expected to testify regarding design, development and testing of the 100 Way bra; relationship between Defendants and DB Apparel.

9.      Cathy Hill, Victoria's Secret Production, LLC, Three Limited Parkway, Columbus, Ohio 43216.  Cathy Hill is expected to testify regarding design, development and testing of the 100 Way bra; relationship between Defendants and DB Apparel.

10.     Brad Hollo, Victoria's Secret Stores, LLC, Three Limited Parkway, Columbus, Ohio 43216.  Brad Hollo is expected to testify regarding internet sales of the 100 Way Bra.

11. Patrick Kennedy, Contact Torrey Partners, 11452 El Camino Real, Suite 110, San Diego, California 92130. Patrick Kennedy is expected to give expert testimony regarding damages.

12. Edward Kistner, Victoria's Secret Stores, LLC, Three Limited Parkway, Columbus, Ohio 43216. Edward Kistner is expected to testify regarding Defendants' sales, marketing and profitability data.

13. Kristin Kramer, Victoria's Secret Stores, LLC, Three Limited Parkway, Columbus, Ohio 043216. Kristin Kramer is expected to testify regarding the development, design, commercialization, and testing of the 100 Way Bra; relationship between Defendants and DB Apparel.

14. Craig Kulik, Victoria's Secret Stores, LLC, Three Limited Parkway, Columbus, Ohio 43216. Craig Kulik is expected to testify regarding Defendants' sales, marketing and profitability figures.

15. Ah Ping Lam. Ah Ping Lam is expected to testify regarding the development and patenting of the Pioneer Elastic woven tape with eyelets.

16. Edward Murray, Shock Absorber, U.S., Inc., 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808. Edward Murray is expected to testify regarding corporate governance of DB Apparel.

17. Katerina Plew, 220 Adirondack Drive, Seldon, New York 11784. Katerina Plew is expected to testify regarding conception and reduction to practice of the alleged invention, prosecution of the patent in suit, scope and validity of the patent in suit, information regarding communication with Defendants, non-infringement, licensing of the patent in suit.

18. James Pappas. James Pappas is expected to testify regarding Defendants' policy on handling of unsolicited ideas; Defendants' handling of Plaintiff's unsolicited idea submission; communication with Maria Zarkadas, relationship between Defendants and DB Apparel.

19. Deborah McDonald Tucker, Victoria's Secret Stores, LLC, Three Limited Parkway, Columbus, Ohio 043216. Deborah McDonald Tucker is expected to testify regarding development, design, commercialization, and testing of the 100 Way Bra; pricing of the 100 Way Bra; relationship between defendants and DB Apparel.

20. Paraskevi Zarkadas, 230 Adirondack Drive, Selden, New York 11784. Paraskevi ("Evie") Zarkadas is expected to testify regarding conception of the patent in suit, prior art search, licensing of the patent-in-suit.

21. Maria Zarkadas, 11 Dylan Place, Melville, New York 11747. Maria Zarkadas is expected to testify regarding communication with the Defendants regarding the alleged invention described in the patent in suit, relationship with Plaintiff, marketing and licensing attempts regarding the patent-in-suit.

**d.    Exhibit List**

The parties' respective exhibit lists are submitted concurrently herewith, in hard copy and on a disk in Word format. Stipulations and objections as to admissibility are noted on the exhibit lists.

**e.    Deposition Designations to be Offered at Trial**

The parties' respective deposition testimony designations and the objections thereto, are submitted concurrently herewith, in hard copy and on a disk in Word format.

Stipulations and objections as to admissibility are noted immediately following the testimony designation.

**f.     Trial Before A Jury**

The parties agree that all claims and counterclaims are to be tried before a jury.

**g.     Consent to Trial Before a Magistrate Judge**

The parties do not consent to trial before a magistrate judge.

**h.      Estimated Trial Time**

The parties estimate that the case will require 5 trial days.

**Dated:  February 13, 2012**


| /Charles von Simson/ | /Michael J. Zinna/ |
|---|---|
| Charles von Simson (CV1038) | Michael J. Zinna (MZ 3009) |
| Damon Morey LLP | John F. Ward (JW 8012) |
| 200 Delaware Avenue, Suite 1200 | David G. Lindenbaum (DL 1222) |
| Buffalo, NY 14202 | Patrick R. Colsher (PC 3361) |
| Telephone: (716) 858-3865 | Ward & Zinna, LLC |
|  | 380 Madison Avenue |
| Stephen M. Chin (SC 8094) | New York, NY 10017 |
| von Simson & Chin LLP | Telephone: (212) 697-6262 |
| 62 William Street – Sixth Floor |  |
| New York, NY 1005 | Attorneys for Defendants |
| Telephone: 212.514.8653 |  |

Attorneys for Plaintiff